UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES LUNDQUIST,

Plaintiff,

v.

STATE OF MINNESOTA,

Defendant.

Civil No. 01-293 (JRT/FLN)

ORDER

Plaintiff, a prisoner of the State of Minnesota, commenced this action on February 16, 2001, by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket No. 1.) Plaintiff's pleading consists of only two sentences –

> "I would like for them to take my plea back, cause it was not held up[.] On plea says only one year imprisonment but I'm still here in prison three yrs. now."

While this cryptic statement provides almost no meaningful information about the nature and basis of Plaintiff's claim(s), it does clearly indicate that Plaintiff is attempting to challenge the validity of his criminal conviction and/or sentence. However, a state prisoner such as Plaintiff cannot challenge the fact or duration of his confinement in a federal civil rights action; habeas corpus is the exclusive federal remedy for state prisoners who are seeking release from custody. Heck v. Humphrey, 512 U.S. 477, 481 (1994); Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). Thus, Plaintiff's current pleading must be construed as a habeas corpus petition, if it is to be entertained in this U.S. District Court.

Plaintiff's pleading, in its current configuration, will not be entertained as an application for habeas corpus relief, however, because Plaintiff did not use the prescribed

FILED FEB 26 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

form for a habeas corpus petition filed in this District. See Rule 2(c) of the Rules Governing Section 2254 Cases In The United States District Courts and Local Rule 9.3. Because Plaintiff failed to use the proper form, the Clerk of Court will be directed to return his original pleading to him pursuant to Rule 2(e) of the Rules Governing § 2254 Cases.

Plaintiff will, of course, be allowed to file an amended pleading, but if he does so, he will have to use the form prescribed for state prisoners seeking habeas corpus relief under 28 U.S.C. § 2254. (The Clerk will be directed to send Plaintiff a copy of the correct form with his copy of this order.) If Plaintiff has not submitted an amended petition on the proper form by March 30, 2001, he will be deemed to have abandoned this action, and it will be recommended that the action be summarily dismissed.

If Plaintiff does submit a new pleading on the proper form, he must make sure that the form is properly completed. In particular, he must make sure that his amended petition clearly demonstrates that he has fully exhausted all of his available state court remedies. See 28 U.S.C. § 2254(b) and (c); O'Sullivan v. Boerckel, 119 S.Ct. 1728, 1731 (1999). If the amended petition fails to show that Plaintiff has satisfied the exhaustion requirement, the action will be subject to summary dismissal pursuant to Rule 4 of the Rules Governing § 2254 Cases. The Court further notes that this action may not have been commenced within the time limits prescribed by 28 U.S.C. § 2244(d). Therefore, the amended petition should also demonstrate that this action is not time-barred.

Finally, the Court notes that Plaintiff has filed an application seeking leave to proceed in forma pauperis, ("IFP"), in this matter. That application will be addressed after Plaintiff has had an opportunity to file a new petition.

Based upon the above, and upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

(1) Pursuant to Rule 2(e) of The Rules Governing Section 2254 Cases in the United States District Courts, the Clerk of Court shall return the original pleading, (Docket No. 1), to Plaintiff, together with a blank copy of the habeas corpus petition form that is to be used in this District for actions brought under 28 U.S.C. § 2254.

(2) The Clerk shall retain a copy of the original pleading in the Court file, as required by Rule 2(e).

(3) Plaintiff shall have until March 30, 2001, to file an entirely new pleading, to be captioned "AMENDED PETITION," which shall be submitted on the form prescribed for use in actions brought in this District under 28 U.S.C. § 2254.

(4) Plaintiff's Amended Petition must clearly demonstrate that (a) he has fully exhausted all available state court remedies, and (b) this action is not time-barred under 28 U.S.C. § 2244(d).

(5) If Petitioner fails to comply with all of the requirements of this Order within the time allowed, it will be recommended that this action be summarily dismissed.

Dated: February 23, 2001

Franklin L. Noel

FRANKLIN L. NOEL
Chief Magistrate Judge