UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AHMAD ISA IFTIKHAR,
a/k/a JAMES LUNDQUIST,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil No. 01-293 (JRT/FLN)

**ORDER DIRECTING RESPONDENT TO SHOW CAUSE WHY WRIT SHOULD NOT BE GRANTED**

Petitioner has filed a petition for a writ of habeas corpus claiming that he is being unlawfully incarcerated at the Minnesota Correctional Facility, St. Cloud, Minnesota. (Docket No. 4.)[1]

Respondent is directed to make a return in writing within 20 days from the date of this order, certifying the true cause of Petitioner's detention and showing cause why the writ should not be granted.

The return shall be filed with the Court and shall include:

1. Such affidavits and exhibits as are needed to establish the lawfulness of Petitioner's incarceration;

---

[1] Petitioner commenced this action by filing a pleading entitled "Complaint For Violation Of Civil Rights Under 42 U.S.C. section 1983." (Docket No. 1.) Because it was readily apparent that Petitioner was challenging the fact or duration of his confinement, (rather than the conditions of his confinement), the Court construed the original pleading to be an application for habeas corpus relief. (See Order dated February 23, 2001, [Docket No. 3].) Because Petitioner had not used the proper form for seeking habeas corpus relief, the Court directed the Clerk to return the original pleading to Petitioner, and directed Petitioner to file a new pleading on the proper form. Petitioner filed his current petition on March 9, 2001, (Docket No. 4), and the matter is now before the Court for consideration of that new petition.

MAR 1 3 2001
...OSAL CLERK

2. A reasoned memorandum of law and fact fully stating Respondent's position on the issues raised in the petition, as well as Respondent's recommendation as to the need for this Court to conduct an evidentiary hearing on the merits of the petition in the light of the requirements of federal statutes and other pertinent authority;

3. A certified copy of such of the following as may be material to the issues raised by the petition: the Indictment, the plea, the judgment, the trial record, or, if Petitioner pleaded guilty, a transcript of the proceedings at which he pleaded guilty.

Respondent's return should also specifically address the issue of whether all of Petitioner's current claims for relief have been fairly presented to, and decided on the merits by, the Minnesota Supreme Court, and if not, whether there are any state court remedies still available for any such claims that have not been so presented and decided. If Respondent contends that any of Petitioner's claims have been procedurally defaulted, then the return should also address the issue of whether Petitioner has shown cause and prejudice, or new evidence demonstrating his actual innocence, that could excuse his default. See Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Absent compliance with this order within the 20 day time period, the Court will entertain a motion to grant the relief prayed for in said petition.

Finally, the Court notes that Petitioner has also filed an "Application to Proceed Without Prepayment of Fees and Affidavit," seeking leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) The Court finds that Petitioner is eligible for IFP status. His request for IFP status will therefore be granted, and he will be excused from paying any filing fee for this action.

Based on the foregoing, and on all of the premises and proceedings of record,

IT IS HEREBY ORDERED that:

1. Respondent is directed to file a return as described herein, within 20 days after the date of this order; and

2. Petitioner's application to proceed in forma pauperis, (Docket No. 2), is GRANTED.

Dated: March 13, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge