UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

AHMAD ISA IFTIKHAAR
f/k/a JAMES LUNDQUIST,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil File No. 01-293 (JRT/FLN)

**REPORT AND RECOMMENDATION**

**THIS MATTER** is before the undersigned United States Magistrate Judge on Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254. (Docket No. 4.) Respondent has filed a return contending that the Petition should be dismissed. (Docket No. 6.) The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). The Petitioner appears *pro se*, and the Respondent appears by Darrell C. Hill, Assistant Ramsey County Attorney. For reasons which follow, this Court recommends that the Petition for Writ of Habeas Corpus be dismissed with prejudice.

## I. BACKGROUND

On November 21, 1997, Petitioner pled guilty to charges of Second Degree Murder and Second Degree Assault resulting from a drive-by shooting that occurred on August 1, 1997, in St. Paul, Minnesota. On January 13, 1998, Petitioner was sentenced to concurrent terms of 306 months and 36 months, respectively, and is currently serving those sentences at the Minnesota Correctional Facility at St. Cloud, Minnesota. (Respondent's Mem. in Opp'n to Petition for Writ of Habeas Corpus ("Resp't's Opp'n Mem.") Appendix A, at 1.)

Petitioner did not seek a direct appeal of his conviction, however, on May 19, 1999, he filed

JUL 1 8 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

a Petition for Post Conviction Relief Pursuant to Minn. Stat. ¶¶ 590.01 et seq.[1] ( Resp't's Opp'n Mem., Appendix A.) The trial court denied relief on July 7, 1999. (Resp't's Opp'n Mem., Appendix B.) Following this denial, Petitioner filed an appeal with the Minnesota Court of Appeals. On March 22, 2000, the Minnesota Court of Appeals rejected Petitioner's claims and affirmed his conviction. (Resp't's Opp'n Mem., Appendix C.) The Minnesota Supreme Court denied Petitioner's request for review on May 23, 2000. (Resp't's Opp'n Mem., Appendix D.)

On March 9, 2001, Petitioner filed his present application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 4.) Although the instant Petition lists four grounds for relief, they essentially amount to only two claims for relief: (1) that his guilty plea was involuntary; and (2) ineffective assistance of counsel. (Id.) None of these claims were raised or adjudicated in any state court.

## II. STANDARD OF REVIEW

It is well established that a federal court may not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 841 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. See O'Sullivan, 526 U.S. at 841; Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Rose, 455 U.S. at 518-19; Smittie v. Lockhart, 843 F.2d 295, 298 (8th Cir. 1988).

---

[1] The Petition challenged the convictions and sought to withdraw the guilty pleas alleging that there was not an adequate factual basis established for either crime.

To exhaust his state court remedies, a prisoner must fairly present his constitutional claims to the highest available state court before seeking relief in federal court. See O'Sullivan, 526 U.S. at 841; McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court"). Furthermore, a habeas petitioner must exhaust his state court remedies with respect to all of the claims that he wishes to raise in a federal habeas corpus petition. A "mixed petition" -- i.e., one that includes both exhausted and unexhausted claims -- will be dismissed for non-exhaustion. See Rose, 455 U.S. at 522.

When a prisoner has not exhausted his state court remedies with respect to some particular claim and state procedural rules preclude any further attempts to satisfy the exhaustion requirement as to that claim, then the claim has been procedurally defaulted. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); McCall, 114 F.3d at 757 (8th Cir. 1997); O'Sullivan, 526 U.S. at 848 (petitioner's failure to present his federal habeas claims to the state supreme court in a timely manner results in a procedural default of those claims). A procedural default can also occur if a state court has expressly declined to address a particular claim on the merits because the claim has not been raised in accordance with applicable state procedural rules. Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir. 1992) ("Ordinarily, a federal court reviewing a state conviction in a 28 U.S.C. § 2254 proceeding may consider only those claims which the petitioner has presented to the state courts in accordance with state procedural rules."); see also McCall, 114 F.3d at 757 ("a federal court may usually only consider 'those claims which the petitioner has presented to the state courts in accordance with state procedural rule'") (quoting Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996)); Hall v. Delo, 41 F.3d 1248, 1250 (8th Cir. 1994) ("A federal claim has not been fairly

presented to the state courts" and is therefore procedurally defaulted, "when the state court has declined to decide the federal claim on the merits because the petitioner violated a state procedural rule.").

A claim that has been procedurally defaulted will not be entertained in a federal habeas corpus proceeding, unless the petitioner has shown "cause and prejudice" to excuse his procedural default, or, in the alternative, that there would be a "fundamental miscarriage of justice" if the federal court declined to consider the claim. See Coleman, 501 U.S. at 750.

The "fundamental miscarriage of justice" exception is available only upon a "showing, *based on new evidence*, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" Brownlow v. Groose, 66 F.3d 997, 999 (8th Cir. 1995), cert. denied, 516 U.S. 1161 (1996) (emphasis added), quoting Schlup v. Delo, 513 U.S. 298, 327 (1995). In other words, the petitioner cannot simply point to errors that allegedly occurred during the course of his criminal prosecution; he must instead offer some new evidence which affirmatively demonstrates that he is, in fact, innocent of the crime for which he was convicted.

> The actual innocence exception is concerned with claims of actual, not legal innocence. Anderson v. United States, 25 F.3d 704, 707 (8th Cir. 1994). It is evidence of factual innocence coupled with a constitutional violation which triggers the actual innocence exception. Indeed, a credible claim of actual innocence 'requires [a] petitioner to support his allegation of constitutional error with new reliable evidence.' [Schlup, 513 U.S. at 324.] Examples of evidence which may establish factual innocence include credible declarations of guilt by another, see Sawyer v. Whitley, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, see Schlup, 513 U.S. [at 324] . . . and exculpatory scientific evidence.

Pitts v. Norris, 85 F.3d 348, 350-51 (8th Cir.), cert. denied, 519 U.S. 972 (1996). For purposes of showing actual innocence, "evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence." Johnson v. Norris, 170 F.3d 816, 817

(8th Cir. 1999); Armine v. Bowersox, 128 F.3d 1222, 1230 (8th Cir. 1997).

The Supreme Court has summarized the rules governing procedural default as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violations of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman, 501 U.S. at 750.

## III. DISCUSSION

### A. Petitioner's Procedural Default

In this case, Petitioner's claims for relief have been procedurally defaulted, because they were not fairly presented to the Minnesota Supreme Court -- and it is now too late to do so. This Court's review of the state court record reveals that Petitioner first presented his current claims in his appeal to the Minnesota Court of Appeals. (See Resp't's Opp'n Mem., Appendix C.) However, these claims were not raised before the post-conviction court and were not considered by the Minnesota Court of Appeals because the State's procedural rules preclude issues not presented in a petition for post conviction relief from being raised on appeal. See Hirt v. State, 309 Minn. 574, 244 N.W.2d 162 (1976); Ashby v. State, C4-95-412, 1995 WL 465542, *2 (Minn. Ct. App., Aug. 8, 1995); McCall, 114 F.3d at 757 (noting that "Minnesota law provides that once the petitioner has directly appealed his sentence all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief.") (citations omitted); Kilmartin v. Kenma, No. 00-1846, 2001 WL 664109 (8th Cir. June 14, 2001) ("[t]he rule that certain state-court procedural defaults will bar a petition for federal habeas corpus extends to procedural defaults occurring in the

course of state post-conviction proceedings, as well as to procedural defaults occurring at trial or on direct appeal in the state courts."); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). Therefore, Petitioner's claims for relief have obviously been defaulted.

**B. Cause and Prejudice/Actual Innocence**

The only remaining issue to consider is whether Petitioner has shown cause and prejudice, or actual innocence, to excuse his procedural default with respect to the claims in his petition. Petitioner has made no attempt to satisfy either the cause and prejudice standard, or the actual innocense standard, and the Court's own independent review of the record has disclosed no proper basis to excuse his procedural default. See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir.1997).

In order to satisfy the "cause" requirement, a prisoner must show that some objective external impediment prevented him from presenting his claims on initial review in a procedurally proper manner. See Coleman, 501 U.S. at 753 (stating that "'cause' under the cause and prejudice test is something external to the petitioner, something that cannot fairly be attributed to him . . . [f]or example, 'a showing that the factual or legal basis for a claim was not reasonably available . . . or that some interference by officials made compliance impracticable.'") (citations omitted); O'Rourke v. Endell, 153 F.3d 560, 567 (8th Cir.1998); Ivy v. Caspari, 173 F.3d 1136, 1140 (8th Cir.1999). This external factor need not necessarily be attributable to the State, but if it is not, it must explain why the factual basis for the claim was reasonably unavailable. Id. at 1141; see also, Joubert v. Hopkins, 75 F.3d 1232, 1242 (8th Cir.1996) (noting that "[i]nterference by the state, ineffective assistance of counsel, and conflicts of interest are examples of factors external to the defense which prevent a petitioner from developing the factual basis of his claim.").

In this case, Petitioner essentially contends that the ineffective assistance of counsel was the external factor causing the procedural default. He apparently argues that his Attorney's failure to submit his *pro-se* brief and refusal to "appeal [his] juvenile certification" prevented him from asserting his current claims at the initial appeal. (Docket No. 4.) This argument is without merit because the Attorney's alleged refusal to "appeal his juvenile certification" could not have prevented him from asserting his claims of ineffective assistance of counsel or that his guilty plea was involuntary. Additionally, the Minnesota Court of Appeals' decision refutes Petitioner's contention that his Attorney failed to submit his *pro-se* brief. Furthermore, Petitioner was certainly aware of his defaulted claims when he petitioned for initial post-conviction relief. Furthermore, even if Petitioner could not convince his appellate counsel to add the above stated claims to his petition for initial review, the Court is satisfied that Petitioner could have raised those claims himself -- just as he had done with the various claims raised in his *pro-se* Brief to the Court of Appeals. Thus, the Court finds no external cause for Petitioner's procedural default. Where the petitioner has access to the information necessary to make his claim in state court, the failure to develop the claim will not constitute cause. See El-Tabech v. Hopkins, 997 F.2d 386, 389 (8th Cir.1993).

Because Petitioner has failed to satisfy the cause component of the cause and prejudice requirement, it is unnecessary to consider whether he could satisfy the prejudice component. Ashker v. Class, 152 F.3d 863, 871 (8th Cir. 1998) (when petitioner "has not shown adequate cause to overcome the procedural bar . . . we need not consider the issue of actual prejudice"); Sweet v. Delo, 125 F.3d 1144, 1151 (8th Cir. 1997), cert. denied, 523 U.S. 1010 (1998) (same); Tokar v. Bowersox, 198 F.3d 1039, 1052 (8th Cir. 1999), cert. denied, 121 S.Ct. 204 (2000).

Finally, Petitioner does not qualify for the "actual innocence" exception, because he has offered no new evidence to affirmatively demonstrate that he did not commit the crime for which he was convicted. He has not cited any new, previously undiscoverable, evidence, which would prove that he must, in fact, be innocent of the crime for which he was convicted. Therefore, he cannot overcome his procedural default by way of the actual innocence exception.

Petitioner does not assert actual innocence, nor does he argue that he can demonstrate the necessary cause for and prejudice from the default. Petitioner's claims for relief have been procedurally defaulted because he never presented those claims to Minnesota's highest state court, (as required by O'Sullivan), and it is now too late for him to do so. Accordingly, this Court recommends that said claims be dismissed with prejudice.[2]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Application for a Writ of Habeas Corpus (Docket No. 1) be **DISMISSED WITH PREJUDICE**;

DATED: July 17, 2001

FRANKLIN L. NOEL
Chief Magistrate Judge

---

[2] The Court also concludes that an evidentiary hearing is not required because Petitioner has failed to show cause for a procedural default. See Zeitvogel v. Delo, 84 F.3d 276, 284 (8th Cir. 1996). Additionally, in light of this Court's determination that this action should be dismissed with prejudice, Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), will not be addressed.

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.