**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

JAMES LEE MICHAEL LUNDQUIST,

Petitioner,

v.

STATE OF MINNESOTA,

Respondent.

Civil No. 01-293 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

---

James Lee Michael Lundquist, #195680, Minnesota Correctional Facility, 970 Pickett Street No., Bayport, MN 55003, *pro se*.

Darrell Charles Hill, Assistant Ramsey County Attorney, RAMSEY COUNTY ATTORNEY'S OFFICE, 50 West Kellogg Blvd., Suite 315, St. Paul, MN 55102, for respondent.

Petitioner James Lee Michael Lundquist,[1] who is in the custody of the State of Minnesota, has filed an application for habeas corpus relief under 28 U.S.C. § 2254. In a Report and Recommendation dated July 17, 2001, United States Magistrate Judge Franklin L. Noel recommended dismissing petitioner's application because it was procedurally defaulted. This matter is now before the Court on petitioner's objections to the Report and Recommendation, and on petitioner's motion for appointment of counsel.

---

[1] Petitioner is also known as Iftikhar Isa Ahmad.

FILED NOV 1 2 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. NOV 1 2 2002
DEPUTY CLERK

The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636 (b)(1)(C) and D. Minn. LR 72.1(c)(2). For the reasons set forth below, the Court adopts the Report and Recommendation of the Magistrate Judge and dismisses petitioner's application with prejudice.

**BACKGROUND**

On November 21, 1997, petitioner pled guilty in Ramsey County District Court to charges of Second Degree Murder and Second Degree Assault. Petitioner was sentenced to concurrent terms of 306 months and 36 months for these crimes. He is currently serving his sentence at the Minnesota Correctional Facility in Bayport.

Petitioner did not directly appeal his conviction, but on May 19, 1999, he filed a petition for post conviction relief in the trial court. The trial court denied his petition on July 7, 1999. Petitioner appealed this denial to the Minnesota Court of Appeals, which rejected the appeal on March 22, 2000. The Minnesota Supreme Court denied petitioner's request for review on May 23, 2000.

Petitioner filed the present habeas corpus application on March 9, 2001. The application lists four grounds for relief, comprising two claims: (1) that his guilty plea was involuntary; and (2) that he received ineffective assistance of counsel. The Magistrate Judge noted that neither of these claims were raised and adjudicated in state court. The Magistrate Judge further noted that the claims were procedurally defaulted, and that petitioner had not shown why the Court should entertain them.

## ANALYSIS

### I. Appointment of Counsel

Petitioner has asked the Court to appoint counsel to assist him in this civil case. Section 3006A(a)(2)(B) of Title 18 of the United States Code provides that the Court may appoint counsel for any financially eligible person who seeks relief under § 2254 and other habeas corpus statutes if the Court determines that the interests of justice so require. The Court also has the power to appoint counsel for defendant under 28 U.S.C. § 1915, which provides that a "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

Indigent inmates do not have a constitutional or statutory right to counsel in civil cases, including civil rights and habeas cases. *See Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985); *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Rather, the appointment of counsel in such cases is a matter committed to the discretion of the trial court. *See Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982); *In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986). Among the factors the Court considers in determining whether to appoint counsel are the factual complexity of the case, the ability of the petitioner to present his claims, the complexity of the legal issues, and whether both the petitioner and the Court would benefit from representation by counsel for both parties. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In this case, the Court finds that neither the facts nor the legal issues raised are so complex as to warrant appointment of counsel. The Court finds that the facts and legal issues are clear, and that petitioner shown himself capable of presenting his claims and

arguing his legal positions. Moreover, the Court cannot conclude that appointment of counsel would substantially benefit both petitioner and the Court. Accordingly, the Court determines that the interests of justice do not require that counsel be appointed for petitioner.

## II. Report and Recommendation

Petitioner's objections mostly re-argue the merits of his habeas petition. Nevertheless, it is apparent that petitioner objects to all of the Magistrate Judge's findings.

### A. Standard of Review

A fundamental element of § 2254 litigation is the exhaustion requirement, under which state prisoners must "give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). *See* 28 U.S.C. §2254(b)(1). The United States Supreme Court has held that this requires state prisoners to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. Thus, all of the claims in petitioner's § 2254 petition must have been adjudicated by the Minnesota Supreme Court.

When a habeas petitioner has not properly exhausted his state remedies and state procedural rules preclude any further attempts to exhaust a particular claim, that claim has been procedurally defaulted. *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). A

claim can also be procedurally defaulted if a state court has declined to address the claim because it was not raised according to state procedural rules. *See Hall v. Delo*, 41 F.3d 1248, 1250 (8th Cir. 1994); *Satter v. Leapley*, 977 F.2d 1259, 1262-63 (8th Cir. 1992)

Claims that are procedurally defaulted may not be considered in a federal habeas corpus proceeding unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *McCall*, 114 F.3d at 757.

**B. Procedural Default**

The Magistrate Judge found that petitioner's claims for relief are procedurally defaulted because they were not exhausted and were brought in violation of Minnesota procedural rules. This Court agrees. The record shows that petitioner's motion for post-conviction relief was based exclusively on allegations that his guilty plea had an insufficient factual basis. (Resp. Opp. Mem. Ex. A at 4-5.) Petitioner's habeas claims – ineffective assistance of counsel and an involuntary guilty plea – were not presented to the post-conviction trial court, but were raised for the first time in petitioner's argument to the state court of appeals. *See Lundquist v. State of Minnesota*, No. CX-99-1430, 2000 WL 310356 at *3 (Minn. Ct. App. Mar. 28, 2000). The court of appeals refused to hear these claims on the merits, because Minnesota procedural rules preclude a defendant from initially raising issues on appeal. *See id. See also Hirt v. State of Minnesota*, 244 N.W.2d 162, 162 (Minn. 1976); *Ashby v. State of Minnesota*, No. C4-95-412, 1995 WL

465542 at *2 (Minn. Ct. App. Aug. 8, 1995); *McCall*, 114 F.3d at 757 ("Minnesota law provides that once the petitioner has directly appealed his sentence all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for post-conviction relief." (quotation marks omitted)). Therefore, petitioner's present habeas claims are not exhausted, and they were raised in violation of Minnesota's procedural rules, barring petitioner from raising them again in Minnesota courts. Accordingly, the habeas claims are procedurally defaulted. Unless petitioner can now show cause for and prejudice from this default, or can demonstrate that failure to consider the claims here will result in a fundamental miscarriage of justice, this Court cannot consider his habeas application.

### C. Cause and Prejudice

To establish cause, a petitioner must "show that some objective factor external to the defense impeded [his] efforts to comply with the state's procedural rule." *O'Rourke v. Endell*, 153 F.3d 560, 567 (8th Cir. 1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). *See Coleman*, 501 U.S. at 753 (stating that "'cause' . . . must be something **external** to the petitioner, something that cannot be fairly attributed to him . . . ." (emphasis original)).

Petitioner maintains that ineffective assistance of counsel was the external factor causing his procedural default. *See Joubert v. Hopkins*, 75 F.3d 1232, 1242 (8th Cir. 1996) (stating that ineffective assistance of counsel is one example of a "factor external to the defense" that can impede compliance with state procedural rules). The Magistrate

Judge found that petitioner has not proved that ineffective assistance of counsel prevented him from raising his habeas claims before the post-conviction trial court. As the Magistrate Judge noted, petitioner capably raised his habeas claims in a *pro se* brief to the Minnesota Court of Appeals. It therefore stands to reason that he could have raised those same issues himself at the trial court level. Petitioner's objections present no further evidence of cause, and the Court therefore agrees with the Magistrate Judge that petitioner has not shown cause for his procedural default. Because he has not shown cause, the Court need not consider the question of prejudice. *See Ashker v. Class*, 152 F.3d 863, 871 (9th Cir. 1998).

**D. Miscarriage of Justice**

Under the "fundamental miscarriage of justice" exception, or "actual innocence" exception, a federal habeas court may consider the merits of a procedurally defaulted claim only if the petitioner makes a showing, "based on new evidence, that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup v. Delo*, 513 U.S. 298, 322 (1995)). Evidence is new "only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence." *Amrine v. Bowersox*, 128 F.3d 1222, 1230 (8th Cir. 1997) (en banc).

The Magistrate Judge found that petitioner does not qualify for this exception because he has offered no new evidence of his actual innocence. Petitioner objects, arguing that his allegedly involuntary guilty plea amounts to actual innocence. (Obj. at 6

("If a defendant does not knowingly, voluntarily plead guilty to a specific crime . . . [t]hen in fact, he is innocent of that crime.").) This reasoning is incorrect. Even if petitioner's allegations of an involuntary plea were true, it would not amount to evidence that he did not actually commit the crime. "The actual innocence exception is concerned with claims of actual, not legal, innocence." *Pitts v. Norris*, 85 F.3d 348, 350 (8th Cir. 1996). Mere argument that petitioner did not knowingly plead guilty is insufficient. To demonstrate actual innocence, petitioner must produce evidence such as "credible declarations of guilt by another," "trustworthy eyewitness accounts," or "exculpatory scientific evidence." *Id.* at 350-51. Petitioner has presented no evidence whatsoever of his actual innocence. All his arguments relate to alleged defects in his guilty plea and related proceedings. Such arguments cannot overcome petitioner's procedural default.

Petitioner's claims are procedurally defaulted; he cannot show cause for and prejudice from his default, nor can he demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice. Therefore, this Court cannot consider his habeas application.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's motion for appointment of counsel [Docket No. 13] is **DENIED**.

2. Petitioner's objections [Docket No. 11] are **OVERRULED**. The Report and Recommendation [Docket No. 10] is **ADOPTED**.

3. Petitioner's Amended State Petition for Writ of Habeas Corpus [Docket No. 4] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: Nov. 11, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge